Howell, J.
This suit was commenced by attachment in January, 1861, upon a promissory note, and several parties were made garnishees, among them Wm. S. Pike and Henry A. Castle, composing the firm of Pike & Castle, partners in the cultivation of a plantation, to whom, as partners and separately, interrogatories were propounded, touching their indebtedness to defendant for the purchase of mules and the giving of a note for $4,000 by said firm for the price thereof, which note plaintiff alleged was fraudulently assigned to H. A. Castle.
Pike was also interrogated as cashier of the Branch of the Louisiana State Bank at Baton Rouge, as to the deposit of said note in said bank.
H. A. Castle answered on 4th March, 1861, the interrogatories served upon him, admitting the execution of the note by the firm and the deposit thereof in the bank, but averred that it belonged to him, having bought it from E. G. Castle for a valuable consideration.
A motion was made by the defendant to set aside the attachment, which does not appear to have been disposed of, and no proceedings had in the case until 18th July, 1865, when the defendant moved to have the *129 case placed on the trial docket. On the next day plaintiff applied tor a jury, and the transfer of the case to the jury docket. The motion to dissolve was assigned for trial on the 20th July, 1865, on which day the plaintiff obtained a continuance, upon several grounds set out in his motion therefor, one of which was that “under the rules of the Court all cases dropped from the docket, as all eases are when no action has been taken for two terms, cannot be reinstated on the docket without leave, and cannot be tried without notice to the parties, so that they may be prepared.”
On 21st November following, a reassignment was made for the 27th same month. On 5th March, 1866, the ease was assigned for 9th, and on that day reassigned for the 12th. On the 19th same month (March) defendant E. G. Castle filed an answer, confessing judgment as prayed for, and judgment by default was entered against the garnishees, including W. S. Pike, who had failed to answer. On the 23d, the third day thereafter, the interrogatories propounded to Pike were taken for confessed, and the case being assigned for trial, judgment was rendered against the defendant for the amount claimed, and “against Wm. S. Pike and H. A. Castle, comprising the firm of Pike & Castle, for the sum of four thousand dollars,” from which Pike alone has appealed.
Edward G. Castle, the defendant, and Henry A. Castle, Pike’s partner, ask that the judgment be affirmed.
Pike, the appellant, assigns as error apparent on the record :
1. This case, in the lower Court, was for a long time dropped from the /locket, and appellant was not notified of its revival as required by the rules of said court.
No real or tacit issue having been made as to the appellant, the rule does not apply to him.
The cause could not have been on the trial docket and dropped, as complained of, so as to entitle him to notice of its being restored to the docket. It was at issue, during the delay alluded to, only upon the motion to dissolve the attachment, to which he was not a party.
2. There was no evidence exhibited to the Court a quo, to authorize the taking of the interrogatories addressed to the appellant, for confessed, nor any evidence that these interrogatories were served on him.
No evidence was necessary to authorize the taking of the interrogatories l'or confessed, other than his failure to answer. C. P. 263. 2 A. 565. 11 A. 691.
A default was entered against him. The interrogatories were embodied in and formed a part of the petition, which, by the sheriff’s return, was imrsonally served on the appellant.
3. The answers of H. A. Castle, to interrogatories propounded by plaintiff, show that appellant was not indebted to defendant, and had no ■property belonging to him in his possession or under his control.
The interrogatories referred to were j>ropounded to and served upon the appellant and H. A. Castle, separately, and had reference to a purchase by them from defendant of a lot of mules for the sum of $4,000. An additional interrogatory was propounded to appellant, asking if a certain note made by Pike & Castle in favor of E. G. Castle for $4,000, is not on deposit in the bank of which he is the cashier, and if said note *130 was not given for tlie purchase of mules by Pike & Castle from defendant.
H. A. Castle answered that he did purchase, mules from defendant for the firm of Pike & Castle, and in part payment thereof gave their note for $4,000, which is not paid, because before maturity it was purchased by him for a valuable consideration from defendant, and placed in bank by himself, where it has been attached by plaintiff.
This shows that Pike Castle gave a note to defendant; that one of the firm became the owner thereof; that it is deposited in bank, and is not paid. It is clearly a joint note, .and the interrogatories propounded to Pike, being taken as confessed, fix his liability thereon for one-half in favor of some one, and as no question is raised in this suit, as to the mutual rights of the makers, and H. A. Castle, the partner, does not complain of the judgment in favor of plaintiff, but asks its affirmance, we must conclude that Pike’s liability is in favor of defendant, the payee. Upon the face of the record it is immaterial to Pike to whom he pays his portion of the note in controversy, which is still unpaid.
5. The note attempted to be attached, being drawn by a planting partnership, appellant is not liable insólido, and the judgment is erroneous in condemning each of the makers for the full amount.
It is in these words : “It is decreed that there be judgment against Win. S. Pike and Henry A. Castle, composing the firm of Pike & Castle, for the sum of four thousand dollars.”
Judgments are interpreted by the pleadings and tho nature of the obligations sued on, and as these .garnishees are sued as ordinary partners and the judgment does not condemn them in solido, they are held only as joint obligors. Solidarity is never presumed. 4 N. S. 317. C. C. 2088. 12 O. S. 316. 8 O. S. 635. 13 L. 449.
Plaintiff has prayed that the judgment be amended so as to allow 'interest from February, 1861, instead of from the date of the judgment, 31sfMáreh, 1866. The debt of the garnishees was due on 13 th February, 1861, and by the confession, on 15th February, 1861; but the amendment, can be made only as to the appellant.
It is therefore ordered that the judgment appealed from be so ainended as to allow five per cent, interest on the amount, for which appellant Win. S.-Pike is condemned, to wit: two thousand dollars from 15th February. 1861, and as thus amended the judgment be affirmed, with costs.